IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BETTY HAYES                                                                                           PLAINTIFF

v.                                         CIVIL NO. 15-5253

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Betty Hayes, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.     **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on November 1, 2012, and November 19, 2012, respectively, alleging an inability to work since October 29, 2012, due to a recent near amputation of the left ring finger, screws in the right ankle, residuals of a stroke in May of 2010, and a past amputation of the right thumb. (Doc. 11, pp. 59, 175,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

179). An administrative video hearing was held on March 18, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 11, pp. 32-58).

By written decision dated September 8, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 11, p. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: amputation of the right thumb, and right shoulder pain. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 11, p. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can occasionally finger with her right dominant hand and occasionally reach overhead with her right dominant arm.

(Doc. 11, p. 20). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cleaner/hospital laundry aide, a hospital food surface worker/tray worker, and a dining room attendant. (Doc. 11, p. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 14, 2015. (Doc. 11, p. 5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.	Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in failing to find Plaintiff's right ankle fracture post ORIF to be a severe impairment; 2) the ALJ failed to consider the statement of other sources in violation of SSR 06-3p; 3) the implementation of SSR 16-3p requires remand; and 4) the ALJ failed to fully and fairly develop the record.

#### A.   Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing

she suffers from a medically-severe impairment at Step Two.  See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find all of Plaintiff's alleged impairments to be severe impairments, the ALJ specifically discussed the alleged impairments in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe.  See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

With respect to Plaintiff's alleged right ankle impairment, the record reveals that after her ankle surgery her orthopedic surgeon released her back to regular duties at work in May of 2001, well before Plaintiff's October 2012, alleged onset date.  (Doc. 11, p. 479).  Plaintiff returned to substantial gainful activities for many years, and during the relevant time period with the exception of seeking treatment for an ankle sprain in April of 2013, sought very little treatment for her right ankle.  The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

### B.     Statements of Other Sources:

Plaintiff argues that the ALJ did not give enough weight to the comments of Social Security Field Agent, D. Hunter, or the opinion June of 2001 opinion of Mr. Steve Flory, MPT. A review of the record revealed that the ALJ referenced the comment of Agent Hunter in the opinion. As for Mr. Flory, the Court finds that the ALJ did not err in failing to address an opinion dated eleven years prior to the onset when in this case, Plaintiff returned to gainful employment for many years and sought very little treatment for the injury that caused her to undergo physical therapy back in 2001.

### C.     SSR 96-7p and 16-3p:

Plaintiff argues that the implementation of Social Security Ruling 16-3p requires remand. In this case, the ALJ issued his decision denying benefits on September 8, 2014, and concluded in part that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible for the reasons explained in this decision." (Doc. 11, p. 22). The ALJ also discussed several relevant factors in evaluating Plaintiff's alleged symptoms.

Plaintiff points to Social Security Ruling 16-3p, Titles II and XVI: Evaluation of Symptoms in Disability Claims, which became effective March 28, 2016, after the date of the ALJ's decision, and superseded the ruling in effect at the time of the decision, Social Security Ruling 96-7p. "Unlike SSR-96-7p, SSR 16-3p does not use the term "credibility." Martsolf v. Colvin, No. 6:16-cv-00348-NKL, 2017 WL 77424 at *4 (W.D. Mo Jan. 9, 207).

The Court does not believe it is necessary in this case to decide the issue of retroactivity, and that the Court's reasoning in Martsolf is persuasive. In Martsolf, the Court stated:

> Both SSR 96-7p and SSR 16-3p direct that evaluation of a claimant's subjective symptoms shall consider all evidence in the record. Both Rulings also

6

> incorporate the regulations, 20 C.F.R. §§404.1529(c)(3) and 416.929(c)(3), that identify factors to be considered in evaluating the intensity, persistence and functionally-limiting effects of the symptoms, including a claimant's daily activities; the nature, duration, frequency and intensity of her symptoms; precipitating and aggravating factors; and the type of medication and other treatment or measures used for the relief of pain and other symptoms, *i.e.*, the familiar factors identified in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). But while SSR 96-7p expressly provided that a credibility finding was required to be made under those regulations, SSR 16-3p expressly provides that use of the term "credibility" was being eliminated because the SSA regulations did not use it. 81 F.R. at 14167.

Martsolf, 2017 WL 77424 at *5.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). A review of the record reveals that during the relevant time period, Plaintiff was able to take care of her personal needs; prepare simple meals; drive; do light house chores; and shop for groceries. Plaintiff testified at the administrative hearing in March of 2014, that she was working as a cashier three days a week. (Doc. 11, p. 44). Plaintiff further testified that she helped take care of her six grandchildren, ranging in age from sixteen to four months, by taking them to and from school often, and keeping them overnight a night or two when she was not working. (Doc. 11, pp. 46, 49-50). This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities–making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

With respect to Plaintiff's impairments, including pain, the record reveals that throughout the relevant time period, Plaintiff indicated that she was not taking prescription medication. At the administrative hearing, Plaintiff testified that she took over-the-counter potassium, vitamins and fish oil. (Doc. 11, p. 47). A review of the record further revealed that Plaintiff denied taking medications numerous times throughout the relevant time period. Clevenger v. Soc. Sec. Admin., 567 F.3d 971, 976 (8th Cir. 2009) (ALJ may consider that a claimant primarily used only over-the-counter pain-relief remedies to relieve symptoms). Regarding Plaintiff's mental functioning, the record showed Plaintiff sought very little treatment for these alleged impairments. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

The Court would note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). It is noteworthy, that Plaintiff was able to come up with the funds to purchase cigarettes throughout the time period in question.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion regarding Plaintiff's subjective complaints.

### D.     The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In finding Plaintiff able to perform medium work with limitations, the ALJ considered Plaintiff's subjective complaints, the medical records, and the evaluations of the non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined during the relevant time period. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### E.     Full and Fair Development of the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir.1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011). After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### F.     Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a cleaner/hospital laundry aide, a hospital food surface worker/tray worker, and a dining room attendant. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 21st day of February, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE